# In the United States District Court
# for the Southern District of Georgia
# Augusta Division

| | | |
|---|---|---|
| LORINE EDGE, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| WAL-MART STORES EAST, L.P., | : | |
| Defendant. | : | NO. CV107-153 |

## ORDER

Plaintiff, Lorine Edge, filed the above-captioned case against Defendant, Wal-Mart Stores East, L.P., alleging that age discrimination led to her termination. Presently before the Court is Defendant's motion to dismiss. Because Wal-Mart's arguments are either premature or without merit, the motion will be **DENIED**.

## BACKGROUND

On December 8, 2006, Edge filed formal charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Augusta Human Relations Commission ("AHRC") against her employer, Wal-Mart. Only the "race" box was checked on Edge's charge

forms. The forms also include the following factual narrative:

> I. On April 3, 1999, I was hired as a greeter. On October 3, 2006, I was discharged.
>
> II. Since I had not heard from Corey Myers, Store Manager, I applied for unemployment benefits and found out Wal-Mart discharged me because I was reportedly not performing my responsibilities to the best of my ability.
>
> III. I believe I have been discriminated against on the basis of my race (Black), in violation of Title VII of the Civil Rights Act of 1964, as amended.

Dkt. No. 1 at 8.

On June 25, 2007, the AHRC issued a determination of "no probable cause" to conclude that discrimination occurred. Id. at 9. On August 23, 2007, the EEOC also dismissed Edge's charge, and informed Edge of her right to file suit in court based on the alleged discrimination. Id. at 6. On November 15, 2007, Edge filed this action, pro se.

**MOTION TO DISMISS STANDARD UNDER RULE 12(b)(6)**

Under Federal Rule of Civil Procedure 8(a), a pleader must provide the opposing party with "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 12(b)(6) of the Federal Rules of Civil

2

Procedure permits a defendant to move to dismiss a complaint on the ground that the plaintiff has failed to state a claim upon which relief can be granted. A motion under Rule 12(b)(6) attacks the legal sufficiency of the complaint. In essence, the movant says, "even if everything you allege is true, the law affords you no relief."

Consequently, in determining the merits of a Rule 12(b)(6) motion, a court must assume that all of the factual allegations of the complaint are true, e.g., United States v. Gaubert, 499 U.S. 315, 327 (1991), and construe the averments in the light most favorable to the plaintiff, e.g., Sofarelli v. Pinellas County, 931 F.2d 718, 721 (11th Cir. 1991). However, "a plaintiff's obligation to provide 'the grounds' of his 'entitle[ment] to relief' requires more than labels or conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal citation omitted). Rather, the contentions contained in the complaint must "plausibly suggest," and "not merely be consistent with," a recognized cause of action under the governing law. Id. at 1966; see Davis v.

Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 n.43 (11th Cir. 2008).

**DISCUSSION**

Wal-Mart submits that Edge failed to exhaust her administrative remedies as to her age discrimination claim, which is the only claim of discrimination she has raised before the Court, and that dismissal of the suit is thus warranted. Edge rejoins that she has always maintained that she suffered both race and age discrimination by Wal-Mart.[1] According to Edge, she advised EEOC officials about the discrimination that she suffered at Wal-Mart. Edge also asserts that she gave a complete description of the discrimination to the AHRC.[2]

According to Edge, she was informed, presumably by an EEOC or AHRC official, that the charge of discrimination

---

[1] If Edge is seeking to file a race discrimination claim against Wal-Mart in this Court, she needs to file an amended complaint to add such allegations to her case. As filed, Edge's complaint alleges age discrimination only. Dkt. No. 1 at 5. Because Wal-Mart has not yet filed an answer, under Federal Rule of Civil Procedure 15(a)(1), Edge has a right to file such an amendment without seeking permission from the Court or Wal-Mart.

[2] However, contrary to Wal-Mart's characterization of Edge's brief, Edge has not stated that the charge of discrimination included a "complete description" of her claims. Dkt. No. 12 at 3-4; Dkt. No. 10 at 2.

form was only supposed to contain a brief summary of her allegations; it was not meant to be comprehensive. Specifically, Edge asserts in her opposition papers that she was dismissed from her job at Wal-Mart because she was asked by a co-worker to detain three young men who had allegedly stolen merchandise from the store, and failed to do so.

Edge contends that this task was not part of her job description, and that whoever saw the young men shoplifting should have called a security guard or law enforcement officer instead. Edge maintains that it was unfair to expect her to stop the shoplifters, as she was a seventy-two year old door greeter. According to Plaintiff, Defendant used this incident as a pretext to fire Edge based on her age and race. Edge asserts that documents exist within the control of Wal-Mart, the Georgia Department of Labor, and the EEOC, which Wal-Mart has not produced or filed with the Court, that prove her claim.

All EEOC procedural requirements, including exhaustion of administrative remedies, are considered conditions precedent to suit rather than jurisdictional requirements. Fouche v. Jekyll Island-State Park Auth., 713 F.2d 1518,

1524 (11th Cir. 1983); Sims v. MacMillan, 22 F.3d 1059, 1061 (11th Cir. 1994).

> We must ever be mindful that the provision[s] of Title VII were not designed for the sophisticated or the cognoscenti, but to protect equality of opportunity among all employees and prospective employees. This protection must be extended to even the most unlettered and unsophisticated. It cannot be doubted that "a large number of the charges filed with [the] EEOC are filed by ordinary people unschooled in the technicalities of the law." This fact can only point us in the direction of liberal procedural rules.

Sanchez v. Standard Brands, Inc., 431 F.2d 455, 463 (5th Cir. 1970)(quoting King v. Georgia Power Co., 295 F. Supp. 943, 947 (N.D. Ga. 1968)).[3] Those same considerations underlie the remedial scheme of the ADEA.[4] Fed. Express Corp. V. Holowecki, 128 S. Ct. 1147, 1158 (2008).

In Holowecki, the Court recognized that the definition of a "charge of discrimination" filed with the EEOC was not readily apparent from the statute or the regulations implementing the same. 128 S. Ct. at 1153-59. After

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

[4] The Age Discrimination in Employment Act of 1967 ("ADEA") prohibits employment discrimination against persons in their forties and older. 29 U.S.C. §§ 621 - 634.

considering the various approaches suggested by the circuit courts of appeal, and the parties before it, the Holowecki Court deferred to the EEOC's view that, to constitute a "charge," the filer's document(s) must request that the agency take "whatever action is necessary to vindicate her rights." Id. at 1155.

In other words, a formal charge of discrimination is not the only document capable of indicating that an aggrieved worker wants the agency's assistance in remedying workplace discrimination. Depending on the circumstances, an intake questionnaire, affidavit, letter, or other informal written note to the agency, or some combination thereof, can suffice. Id. at 1159-60. This standard does not call upon the district court to judge the filer's subjective state of mind, but instead focuses on whether an objective observer would find within the document(s) a request that the agency "activate its machinery and remedial processes[.]" Id. at 1158.

It follows from these precepts that the status of the document, or documents, as a "charge" is not dependent upon how the agency actually construes the document after receiving it. "The statute requires the aggrieved

individual to file a charge before filing a lawsuit; it does not condition the individual's right to sue upon the agency taking any action." Id. at 1159. Also, "[p]ostfiling conduct does not nullify an earlier, proper charge." Id. at 1160.

The Holowecki Court noted that where the agency fails to construe the aggrieved individual's complaint of discrimination properly, both the employee and employer lose the benefit of the agency's informal reconciliation process. The Court recognized that such a failure by the agency may be troubling to the employer, especially. Still, that error is not chargeable to the plaintiff; but it may be appropriate for the district court to alleviate the harm "by staying the proceedings to allow an opportunity for conciliation and settlement." Id. at 1160-61. The ultimate responsibility for such shortcomings in the regulatory process rest with agency itself, not the plaintiff or the judicial branch. Id. at 1161.

With these principles of law and applicable considerations in mind, it is not evident that Edge's complaint is subject to dismissal. Most significantly, the parties have not submitted complete evidence detailing

8

Edge's submissions to the AHRC or the EEOC.[5] Under Holowecki, the Court cannot begin to make a competent determination of whether Edge notified either agency of the averred age and race discrimination she faced at Wal-Mart, without analyzing the substance of Edge's submissions to the agency. As described above, this includes any intake questionnaire, letters, notes, or affidavits submitted by Edge to the agency or agencies. Id. at 1159-60.

In addition, the parties have not stated who drafted Edge's formal charge of discrimination.[6] If an agency employee obfuscated Edge's complaints to the agency, as Plaintiff appears to suggest in her filings with the Court,[7] then it is not at all clear that Edge should be held to account for the bureaucratic bungling of her discrimination complaints. See Mayes v. Office Depot, Inc., Civil Action No. 01-1273, 2002 U.S. Dist. LEXIS 27063 at *4-*8 (W.D. La.

---

[5] Both parties have submitted some documents relating to the agency investigation; the Court declines to consider those documents at this stage of the proceedings. Fed. R. Civ. P. 12(d).

[6] "The general practice of EEOC staff members is to prepare a formal charge of discrimination for the complainant to review and verify, once the allegations have been clarified." Edelman v. Lynchburg Coll., 535 U.S. 106, 115 n.9 (2002).

[7] Edge has stated that both the "race" and "age" boxes should have been checked on the EEOC charge of discrimination, but that the age box "was somehow omitted." Dkt. No. 15 at 2.

9

Apr. 30, 2002); compare B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1099-1102 (9th Cir. 2002)(agency's errors in drafting the formal charge not employee's fault), with Novitsky v. Am. Consulting Eng'rs., L.L.C., 196 F.3d 699, 702-03 (7th Cir. 1999)(with some caveats, holding individuals responsible for the averments in the formal charge).

Nor have the parties demonstrated which agency conducted the investigation of Edge's complaints in the first instance, the EEOC or the AHRC, or whether there were independent investigations by the agencies. It would be improper for the Court to speculate about these unresolved issues. E.g., Montes v. Vail Clinic, Inc., 497 F.3d 1160, 1164 (10th Cir. 2007). In sum, this fact-intensive inquiry cannot be resolved at this stage of the case. Discovery should uncover the extent of Edge's complaints to the EEOC and AHRC, and the extent of those agencies' investigations.

The Court does note that when the responsible agency fails to address, or conduct an investigation of, the plaintiff's discrimination claim, the plaintiff's judicial complaint is not precluded by the exhaustion doctrine. See Sims, 22 F.3d at 1063 ("Title VII does not condition an

individual's right to sue upon the EEOC's performance of its administrative duties."); Holowecki, 128 S. Ct. at 1159.

As Wal-Mart has recognized, "[a]s long as allegations in the judicial complaint . . . are 'reasonably related' to charges in the administrative filing and 'no material differences' between them exist, the court will entertain them." Wu v. Thomas, 863 F.2d 1543, 1547 (11th Cir. 1989). However, if the plaintiff's judicial complaint is profoundly different from the complaint made to the EEOC, such claims are subject to dismissal for failure to exhaust the complainant's administrative remedies. Id.; Sanchez, 431 F.2d at 466; Fairchild v. Forma Scientific, Inc., 147 F.3d 567, 575 (7th Cir. 1998).

**CONCLUSION**

For the reasons described above, Wal-Mart's motion to dismiss is **DENIED**. Dkt. No. 8. The parties have acknowledged that Defendant was improperly named in Plaintiff's complaint, and that Plaintiff's employer was actually Wal-Mart Stores East, L.P. Dkt. No. 16 at 1 n.1. Accordingly, Defendant's motion to correct the pleadings to

reflect its proper name is **GRANTED**.  Dkt. No. 19.  The Clerk is **DIRECTED** to correct the docket accordingly.

**SO ORDERED,** this  25th  day of August, 2008.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA